57 N.J. 71 (1970)
269 A.2d 529
IN RE STATE OF NEW JERSEY IN THE INTEREST OF A.R., JUVENILE-APPELLANT.
The Supreme Court of New Jersey.
Argued September 14, 1970.
Decided October 13, 1970.
*72 Mr. John M. Cannel, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for respondent (Mr. George A. Cluff, Assistant Prosecutor, on the brief; Mr. Joseph D.J. Gourley, Passaic County Prosecutor, attorney).
PER CURIAM.
The complaint against this 14-year-old juvenile alleged that she and five others were apprehended sniffing Carbona fluid. The child was adjudged a delinquent and the Appellate Division affirmed. She appealed to us as of right, claiming a substantial constitutional issue within R. 2:2-1(a)(1).
The constitutional challenge is that the complaint failed to give due notice of the charge because there was no reference in the complaint to the subsection of N.J.S.A. 2A:4-14 offended by the conduct alleged. The juvenile sought to raise the issue by a motion to dismiss the complaint.
The criticism is frivolous. Counsel could have had no difficulty in understanding the charge and preparing to meet it. The factual allegations were precise. The charge came easily within subsection "m" of N.J.S.A. 2A:4-14 which speaks of "Deportment endangering the morals, health or general welfare of said child." That the conduct might also come within other subsections could hardly have hindered counsel in his preparation or at the hearing, for a *73 violation of one subsection suffices for an adjudication of delinquency and the consequences to the juvenile do not depend upon whether the conduct charged might also violate another subsection.
Complaints in juvenile matters are frequently prepared by persons who are not members of the bar. The purpose of the complaint is to communicate, and if that end is met, due process is satisfied even though the allegations might have been more artistically phrased. Uncertainties may be readily resolved by a demand for specifics, and the case should be rare in which a court is burdened with such a problem, for counsel can easily resolve it if they remain mindful of the object of the juvenile proceeding.
At the time these proceedings were instituted, the rules required only that the complaint be "a written statement of the essential facts upon which the allegation of delinquent conduct of a juvenile is founded." R.R. 6:8-1. The present rule, R. 5:8-1(a), provides:
"* * * The complaint in a juvenile matter * * * shall be a written statement of the essential facts upon which the charge of juvenile delinquency is founded * * *. If the delinquency charged would constitute a substantive offense if committed by an adult, the laws so violated by the juvenile shall be specified in the complaint; but failure so to specify or error in so specifying is not ground for dismissal of the complaint if the juvenile has not been misled thereby to his prejudice."
Although the rule speaks of a statutory citation only if the conduct would be a substantive offense if committed by an adult, the rule of course does not foreclose a citation of a specific provision of the juvenile statute. Such a reference should ordinarily be made, but the end sought is fair notice and neither a failure to cite nor a miscitation will be fatal if the juvenile is not misled to his prejudice.
As we have said, there was no basis for the motion to dismiss in this case. The constitutional question is strained. The appeal could well be dismissed for want of a substantial constitutional issue, R. 2:2-1(a)(1), but since we have dealt *74 with the issue, the appeal will be disposed of by an affirmance of the judgment.
For affirmance  Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN  7.
For reversal  None.